## Pyle et ux. v. Donora Borough et al.

Before Gibson, P. J., Carson and Cummins, JJ.

*George I. Bloom* and *Geo. O. Frazier*, for plaintiffs.

*Stephen D. Marriner* and *Rufus S. Marriner*, for original defendant.

*Francis H. Patrono* and *Clarence O. Devore*, for additional defendants.

GIBSON, P. J., September 10, 1951.—Plaintiffs brought their action in trespass against the Borough of Donora, alleging that Ruth T. Pyle, one of the plaintiffs, was injured by reason of a defective curb along a public street in defendant borough.

Defendant brought in Antonio Ripepi and Ursola Ripepi as additional defendants, they being the owners of the property in front of which the defective curb existed.

Preliminary objections are filed by additional defendants, claiming that they could not be liable under the original complaint or under the complaint filed by original defendant because it appears that after the original curb had been placed a public pump was so constructed and maintained on the sidewalk in front of additional defendant's property that the spout of the pump did not clear the curb line and caused the water

to flow on the street or roadway, and that defendant borough caused a portion of the stone curb to be chiseled out so as to form a crescent shaped depression; that thereafter the pump was removed but the crescent shaped depression in the curbing continued to exist for a long time prior to April 8, 1949; and that the condition which plaintiffs allege caused the accident was created by defendant borough.

This appears to be a proper conclusion if nothing more appeared than that a proper and safe sidewalk and curb had been constructed by the property owner, but owing to the independent action of defendant borough the curb had been made unsafe. However, the subject is controlled by legislation.

The Borough Act of May 4, 1927, P. L. 519, sec. 1805, 53 P.S. §14035, provided:

"Boroughs shall fix the width of all sidewalks; and may require the grading, paving, and repairing of sidewalks, and the constructing and repairing of curbs and gutters at the edge of sidewalks, by the owners of lots fronting thereon."

By the amendng Act of July 10, 1947, P. L. 1621, sec. 57, 53 P.S. §14035, the legislature added to this act these words:

"All sidewalks, curbs and gutters when constructed shall be kept in safe and useable condition by the owner of the abutting property."

This legislation was in effect at and prior to the date of the accident, which was a long time after the usefulness of this complained of depression no longer existed. In view of this statutory duty placed upon the owners of the abutting property, they should not be discharged from liability under the present state of the record.

And now, September 10, 1951, for the reasons set forth in the foregoing opinion the preliminary objections filed by additional defendants are overruled.